Stanley BLANKENSHIP,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16287.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 7, 1990.

S. Dean Price, Sp. Dist. Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

Movant, Stanley Blankenship, appeals from a judgment, following an evidentiary hearing, dismissing his motion under Rule 24.035. The basis assigned for that dismissal was that movant failed to establish the grounds alleged could not have been raised in a prior Rule 27.26 proceeding. On appeal, movant seeks reversal of the dismissal to supply that proof.

Movant pled guilty to robbery in the first degree, § 569.020, on February 25, 1986. The trial court sentenced him to imprisonment for ten years, but suspended the execution of that sentence. The movant was placed on probation for five years.

Nine months later, movant's probation was revoked. Thereafter, the movant filed a motion under Rule 27.26 on February 5, 1987, attacking his plea and sentence. Without amending the first motion, movant subsequently filed two additional motions purporting to allege additional grounds. On February 8, 1988, the motion court dismissed the three motions without an evidentiary hearing. The movant appealed. On July 11, 1988, the appeal was dismissed for movant's failure to perfect his appeal.

On April 19, 1988, movant filed a motion for postconviction relief under new Rule 24.035. He alleged his constitutional rights were violated because the trial court did not consider "alternatives to incarceration". He further alleged ineffective assistance of counsel because counsel "failed to preserve probation revocation and shock probation, and other alternatives to incarceration for appellate review...." After an evidentiary hearing, the 24.035 motion court denied the motion on the basis stated above.

It is the evident purpose of Rule 24.035 to bar successive motions for postconviction relief.

"The circuit court shall not entertain successive motions." Rule 24.035(k).

Also see Rule 29.15(k). For an excellent discussion of these Rules, see Morris, "Postconviction Practice under the 'New 27.26' ", J.Mo.B., October–November 1987, p. 435.

The movant seeks to avoid the bar of Rule 24.035 by relying upon the following sentence from that Rule.

"If a sentence is pronounced prior to January 1, 1988, and a prior motion under Rule 27.26 is pending, post-conviction relief shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed." Rule 24.035($l$).

It is movant's position, that by reason of this sentence, the provisions of Rule 27.26 govern not only postconviction relief under his pending 27.26 motion, but postconviction relief upon the subsequent postconviction motion filed in the same case. For this reason, movant argues he is entitled to present claims of ineffective assistance of counsel not raised in a prior motion and not known to him earlier. He relies upon former Rule 27.26(d).

This contention is unsound. It has been repeatedly held that if sentence is pronounced prior to January 1, 1988, and a motion under 27.26 has been completed before that date, a successive motion under Rule 24.035 is barred.

"The new rules expressly prohibit all successive motions. Rules 24.035(k) and 29.15(k). Further, Rules 24.035($l$) and 29.15(m) implicitly bar motions from persons, such as appellant, who were sentenced before 1988 and have completed one Rule 27.26 motion." Swenson v. State, 772 S.W.2d 673, 674 (Mo.App. 1989).

Also see Pilchak v. State, 773 S.W.2d 867 (Mo.App.1989); Hutchins v. State, 761 S.W.2d 761 (Mo.App.1988). This is true even though the successive motion alleges that the grounds stated therein were not raised in a prior motion and were unknown to the movant. Swenson v. State, supra.

The movant's motion under Rule 27.26 has been heard and the judgment of the motion court dismissing that motion has become final. To adopt the movant's position would, upon an illogical and inconsistent basis, defeat the evident purpose of Rule 24.035. The application of Rule 27.26 is limited to the disposition of the motion under that Rule pending on January 1,

1988. "Any Rule 27.26 motion which is pending when the new rules take effect will continue to be governed under Rule 27.26." J.Mo.B., supra at 440.

■ Even under former Rule 27.26, it was the burden of a movant to plead and prove the grounds alleged in a successive motion could not have been raised in a prior motion. *Sours v. State*, 725 S.W.2d 649 (Mo.App.1987). The motion court correctly determined that the movant failed to meet this burden. The movant's motion under Rule 24.035 should have been dismissed without an evidentiary hearing upon the basis of that Rule. However, the action of the motion court was correct and is to be sustained. *Forsythe v. State*, 779 S.W.2d 309 (Mo.App.1989).

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, C.J., concur.