**Darrell McDOWELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17542.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 17, 1992.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Darrell McDowell, movant, appeals the denial of his Rule 24.035[1] motion. He presents one point for determination which has no merit. We affirm.

Movant pleaded guilty to murder in the second degree, § 559.020, RSMo 1978, and assault in the first degree, § 565.050, RSMo 1978, on April 25, 1984. He was sentenced on May 23, 1984, to a term of forty years' imprisonment on the murder charge and twenty years' imprisonment on the assault charge. Both terms of imprisonment were ordered to run concurrently.

For ease of understanding, the following events are listed in chronological order:

March 14, 1985 Movant filed a motion for post-conviction relief under former Rule 27.26,[2] and an amended motion was later filed.

July 29, 1986 An evidentiary hearing was held on the Rule 27.26 motion. The court denied relief.

May 25, 1988 Movant filed a pro se motion for post-conviction relief under Rule 24.035 and later an amended motion was filed.

March 29, 1991 The motion court sustained the State's motion to dismiss because Rule 24.035(k) bars "successive" motions, citing *Blankenship v. State,* 783 S.W.2d 939 (Mo.App.1990).

Movant claims here his Rule 24.035 motion is not a successive motion because the motion court made no finding that he received a meaningful post-conviction review in his previous action pursuant to Rule 27.26.

Our review is limited to a determination of whether the finding and conclusions of the trial court are clearly erroneous. Rule 24.035(j). For reasons which follow, we find no error.

Significantly, movant concedes that the controlling law on the issue before us bars his second post-conviction motion. His concession on the law and his motivation for appeal are set forth in his argument:

Appellant recognizes that this Court has held that a motion under Rule 24.035 is barred where a motion under Rule 27.26 has previously been determined. *Blankenship v. State,* 783 S.W.2d 939 (Mo.App.S.D.1990); *Douglas v. State,* 789 S.W.2d 528 (Mo.App.S.D.1990). Appellant therefore presents this issue to preserve it for federal review in the event of a change in the law.

Rule 24.035(k) reads: "The circuit court shall not entertain successive motions." In *Blankenship* we said:

It has been repeatedly held that if sentence is pronounced prior to January 1, 1988, and a motion under 27.26 has been completed before that date, a successive motion under Rule 24.035 is barred.

*Id.* at 940.

In this case sentences were pronounced prior to January 1, 1988. Movant's 27.26 motion was completed prior to that date. Under *Blankenship,* movant's motion under Rule 24.035 is a successive motion and is barred.

Judgment affirmed.

SHRUM, P.J., and MAUS, J., concur.

---

1. Rule references are to Missouri Rules of Court (1991) unless otherwise noted.

2. Rule 27.26 was repealed February 11, 1987, effective January 1, 1988.