STATE of Missouri, Respondent,

v.

Michael CONN, Appellant.

Michael CONN, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 66051, 70475.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1997.

Application to Transfer Denied
Sept. 30, 1997.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRAHAN, Presiding Judge.

Defendant appeals the judgment entered upon his conviction of six counts of sodomy, Section 566.060 RSMo. Supp.1991, for which he was sentenced to consecutive terms of 10 years, 15 years, 20 years, 25 years, 35 years and 45 years in the custody of the Department of Corrections.[1] We affirm.

The sufficiency of the evidence to support the convictions is not disputed. Defendant was found guilty of separate instances of sodomy upon two of his daughters, C.C. and N.C., who were twelve and seven years old, respectively, at the time of trial.

In his first point, Defendant claims the trial court erred in overruling his objections and admitting statements and responses he made to a Division of Family Services ("DFS") investigator, Jeff Viehmeyer, during a custodial interrogation at the St. Charles County Detention Center while he was incar-

---

1. Defendant also filed an appeal from the denial of his Rule 29.15 motion for post-conviction relief. However, Defendant presented no claims of error in his brief pertaining to that ruling and that appeal is therefore deemed abandoned.

cerated on an unrelated charge. Defendant maintains that these statements and responses were not admissible because they were elicited without advising him of his constitutional rights to remain silent and to have an attorney present as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant does not contend that the existence of the statements and responses to Mr. Viehmeyer were not disclosed in a timely manner prior to trial. Although Defendant filed a pretrial motion to suppress other statements made earlier to Deputy Koester of the St. Charles County Sheriff's Department, his motion made no mention of the statements and responses given to Mr. Viehmeyer. After an evidentiary hearing, the trial court ruled that the statements taken by Deputy Koester were admissible and that ruling is not contested on appeal.

When Mr. Viehmeyer was called to the stand, defense counsel first sought a ruling *in limine* to prohibit him from disclosing to the jury that his conversation with Defendant occurred in the county jail while Defendant was incarcerated on an unrelated charge. The trial court pointed out that defense counsel had already disclosed the fact that Defendant was in jail in her opening statement and overruled the motion.

Mr. Viehmeyer then identified himself and was asked whether he had interviewed Defendant about a month after his statement was taken by Deputy Koester. Mr. Viehmeyer testified that he had interviewed Defendant at the St. Charles County Detention Center as a courtesy investigation for the St. Louis City DFS. Mr. Viehmeyer testified that he had informed Defendant of allegations of child abuse reported on the hotline. Mr. Viehmeyer was then asked for Defendant's response and defense counsel sought and received permission to approach the bench, where the following occurred:

DEFENSE COUNSEL: There's been no showing that Mike was read his rights per the Miranda decision. I was waiting for it; I did not hear it. The State would not be able to adduce any statements that they were made—that were made against him.

PROSECUTOR: Your Honor, Jeff Viehmeyer's with the Division of Family Services. He is not law enforcement. Law enforcement only pertains to—I mean, Miranda only applies to law enforcement interrogations.

THE COURT: Yes, that's true, so I'm going to overrule the objection. Your objection's overruled.

Defendant urges that *Miranda* does indeed apply to custodial interrogation by a DFS agent, citing *Mathis v. U.S.,* 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968). In *Mathis,* the defendant was serving a state sentence in a Florida state prison when he was questioned by a federal IRS agent about his taxes. The IRS agent did not inform the defendant of his *Miranda* rights before questioning him and his conviction partially rested on incriminating statements elicited during that questioning. Reversing the conviction, the Supreme Court held that *Miranda* principles apply to questioning that takes place in a prison setting, even if the imprisonment is on a separate charge, where there is a possibility that the investigation would culminate in a criminal prosecution. at 4–5, 88 S.Ct. at 1505. Subsequent cases have confirmed that it is the custodial setting and purpose of the questioning, not the questioner's job title, that determines whether *Miranda* warnings are required. *U.S. v. D.F.,* 63 F.3d 671, 682–83 (7th Cir.1995); *Battie v. Estelle,* 655 F.2d 692, 699 (5th Cir. 1981). Defendant urges that one of the purposes of a DFS investigation is to determine whether criminal charges should be pursued and that Mr. Viehmeyer was therefore required to give Defendant the familiar *Miranda* warnings prior to any questioning in a custodial setting.

The State does not dispute on appeal that a DFS agent may be required to give the *Miranda* warnings prior to questioning a defendant who is in custody on an unrelated charge but urges that Defendant has failed to preserve this issue for review. Further, the State maintains that the record on appeal will not support a finding that any violation of Defendant's rights occurred. We agree.

The State points out that, although Defendant filed a motion to suppress other statements prior to trial, he never filed a motion to suppress the statements made to Mr. Viehmeyer as required by Rule 24.05. Rule 24.05 provides:

**Misdemeanors or Felonies—Motions to Suppress**

Requests that evidence be suppressed shall be raised by motion before trial; however, the court may in its discretion entertain a motion to suppress evidence at any time during trial.

Although the rule by its express terms gives the trial court the discretion to consider a motion to suppress evidence at any time during the trial, Defendant never made a motion to suppress his statements to Mr. Viehmeyer either prior to or at any point during the trial. Rather, as reflected in the portion of the transcript quoted above, his counsel simply observed that "[t]here's been no showing that Mike was read his rights per the Miranda decision." However, Defendant has not cited, nor has our own research disclosed, any requirement that the State elicit testimony *before the jury* that *Miranda* has been satisfied. Rather, that obligation arises only upon the filing of a motion to suppress, which is generally heard outside the presence of the jury. Absent a timely motion to suppress, there is no error in admitting a defendant's statements without a showing that *Miranda* has been satisfied. Here, Defendant never moved to suppress the statements he made to Mr. Viehmeyer. Thus, his contention is not preserved for review.

Nor does the record before us support a finding of plain error pursuant to Rule 30.20. Although both Mr. Viehmeyer and Defendant testified, neither was asked whether Mr. Viehmeyer gave Defendant any *Miranda* warnings before questioning him. Thus, there is no basis in the record to support a finding that *Miranda* warnings were not given. Under such circumstances, Defendant has not shown that admission of his statements to Mr. Viehmeyer resulted in any manifest injustice or miscarriage of justice. Point denied.

In his remaining points, Defendant contends that the sentences imposed violate due process, that the trial court erred in overruling his objections to certain testimony by N.C., and that the trial court committed plain error in admitting the testimony of a family friend as to statements made to her by N.C. We have reviewed the briefs of the parties and the record on appeal and find no error of law justifying relief on appeal. An extended opinion on these points would have no precedential value. Accordingly, we deny these points pursuant to Rule 30.25(b).

Judgment of conviction and sentences affirmed. Judgment denying post-conviction relief affirmed.

GRIMM and HOFF, JJ., concur.