Neil SCHLEEPER, Appellant,

v.

STATE of Missouri, Respondent.

Roy Roberts, Appellant,

v.

State of Missouri, Respondent.

Bruce Kilgore, Appellant,

v.

State of Missouri, Respondent.

Nos. 80601, 80852 and 80942.

Supreme Court of Missouri,
En Banc.

Dec. 22, 1998.

Rehearing Denied Jan. 19, 1999.

Dave Hemingway, St.Louis, for Appellant in No. 80601.

Cinda J. Eichler, Office of State Public Defender, Columbia, for Appellant in No. 80852.

Stephen J. Harris, Office of State Public Defender, Columbia, for Appellant in No. 80942.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for Respondent in No.80601.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for Respondent in Nos. 80852, 80942.

WILLIAM RAY PRICE, Jr., Judge.

This case involves the construction of section 547.360 under which appellants have each filed a second motion for post-conviction relief. Each appellant had previously sought relief, unsuccessfully, pursuant to Rule 29.15 or its predecessor Rule 27.26. Because we conclude that section 547.360 does not provide a second procedure independent of Rule 27.26 or Rule 29.15, we affirm the trial courts' judgments denying relief.

## I.

Neil Schleeper was convicted of assault and armed criminal action and sentenced to two consecutive sentences of 25 years. On August 2, 1989, Schleeper filed a Rule 29.15 motion for post-conviction relief. Subsequently he escaped from the Missouri Training Center for Men and was recaptured two days later. Both Schleeper's direct appeal and appeal from the denial of post-conviction relief were ultimately dismissed by the court of appeals. *See, State v. Schleeper,* 806 S.W.2d 459 (Mo.App.1991). On November 3, 1997, Schleeper filed a motion for post-conviction relief under section 547.360, RSMo. Schleeper's section 547.360 motion was dismissed on January 8, 1998.

Roy Roberts was convicted of capital murder and sentenced to death. His conviction was upheld by *State v. Roberts,* 709 S.W.2d 857 (Mo. banc 1986). In *Roberts v. State,* 775 S.W.2d 92 (Mo. banc 1989), this Court affirmed the overruling of Roberts' Rule 27.26

post-conviction relief motion. On March 25, 1998, Roberts filed a post-conviction relief motion under section 547.360. His motion was overruled on April 8, 1998.

Bruce Kilgore was convicted of first degree murder, robbery in the first degree, and kidnapping. He was sentenced to death and two life terms. His convictions were upheld in *State v. Kilgore,* 771 S.W.2d 57 (Mo. banc 1989). The overruling of Kilgore's Rule 29.15 motion for post-conviction relief was affirmed in *Kilgore v. State,* 791 S.W.2d 393 (Mo. banc 1990), based on Kilgore's failure to verify the motion. Kilgore filed a motion under section 547.360 on December 31, 1997. His motion was dismissed on April 3, 1998.

## II.

■ Since 1953, this Court has provided procedural rules for criminal defendants seeking post-conviction relief from the sentencing court. Procedures for post-conviction relief were previously governed by Rule 27.26. Effective January 1, 1988, Rule 27.26 was repealed and replaced by Rules 29.15 and 24.035.[1] *Sloan v. State,* 779 S.W.2d 580, 581 (Mo. banc 1989). Rule 29.15 provides the procedure for persons convicted of a felony after a trial to challenge convictions or sentences that they claim violate the constitution or laws of this state or the constitution of the United States.[2] Rule 29.15 was most recently amended on November 19, 1996, with the amendment becoming effective on July 1, 1997. Rule 29.15 provides that it is the "exclusive" procedure for seeking post-conviction relief. Successive or untimely claims are not allowed. Rule 29.15(b), (*l*).

In 1997, the General Assembly passed section 547.360, RSMo. It was approved by the governor on July 7, 1997, and became effective August 28, 1997. Section 547.360 codi-

---

1. "Rule 27.26 (repealed) and Rules 24.035 and 29.15 have a common purpose: to adjudicate claims concerning the validity of the trial court's jurisdiction and the legality of the conviction or sentence of defendant. Rules 24.035 and 29.15 have an additional purpose: to avoid 'delay in the processing of prisoners' claims and prevent the litigation of stale claims.'" *Thomas v. State,* 808 S.W.2d 364, 367 (Mo. banc 1991) (citing *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989)).

2. Appellants Schleeper and Kilgore were each convicted of a felony after a trial and filed for post-conviction relief under Rule 29.15. Appellant Roberts filed for post-conviction relief under Rule 27.26. As such, Appellants have not addressed Rule 24.035. Rule 24.035 is identical to Rule 29.15 except that it provides the procedure for persons convicted of a felony after a plea of guilty. Because section 547.360 includes felony convictions after a plea of guilty, our holding is also applicable to Rule 24.035.

fied almost verbatim the language of amended Supreme Court Rule 29.15. The only difference between section 547.360 and Rule 29.15 is that the statute refers to "this section" rather than "Rule 29.15" and the statute also applies to post-conviction relief for felony convictions after a trial or guilty plea.

Each appellant has previously filed a motion under rule 29.15 or its predecessor Rule 27.26. Following the enactment of section 547.360, appellants each filed a new motion for post-conviction relief under that section. Relief was denied in each case. Appellants' cases have been combined based on the similarity of the issues presented. Generally, appellants contend that section 547.360 is substantive and creates a new remedy, independent of Rule 29.15, that they have not previously exhausted.

### III.

The right to collaterally attack a conviction or sentence is a substantive right. *Wiglesworth v. Wyrick,* 531 S.W.2d 713, 722 (Mo. banc 1976). Rule 29.15 does not create such a right. It is procedural, rather than substantive. It "prescribes a method of enforcing rights or obtaining redress for their invasion." *State v. Reese,* 920 S.W.2d 94, 95 (Mo. banc 1996); *Wiglesworth,* 531 S.W.2d at 722. Rule 29.15 is the "exclusive" procedure to obtain such relief. Section 547.360, like Rule 29.15, is procedural. It simply restates the language of Rule 29.15, verbatim, with minor exceptions.

This Court "may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law." MO. CONST. art. V, section 5. Rules of procedure adopted by this Court may be amended or annulled by the legislature through a "law limited to the purpose." MO. CONST. art. V, section 5; *Reese,* 920 S.W.2d at 95; *State ex rel. K.C. v. Gant,* 661 S.W.2d 483, 485 (Mo.

banc 1983). "A law, to qualify as one 'limited to the purpose' of amending or annulling a rule, must refer expressly to the rule." *Gant,* 661 S.W.2d at 485. The bill enacting section 547.360 does not expressly refer to the rule by number or otherwise. Nor does it provide, in any terms, that its purpose is to amend or annul the rule. *See State v. Pizzella,* 723 S.W.2d 384, 391 n. 3 (Mo. banc 1987).

Section 547.360, thus, neither expressly creates any new rights nor amends or annuls the provisions of Rule 29.15. Instead, it is one of several statutes included in Senate Bill 56[3] entitled "AN ACT to repeal sections 547.200, 552.020, 556.036, 566.617, and 568.060, RSMo 1994, relating to court procedure, and to enact in lieu thereof twenty-one new sections relating to the same subject, with penalty provisions" that appears only to collect and codify procedural court rules relating to prisoner litigation and post-conviction relief.[4] Because section 547.360 simply codified the language of Rule 29.15, without any substantive variations, no conflict exists between the rule and statute by the use of the word "exclusive" in both. Accordingly, we conclude that section 547.360 was not intended to and did not create a second and independent avenue for post-conviction relief. Appellants' motions are successive and time barred. Rule 29.15.

The judgments of the trial courts are affirmed.

All concur.

---

**3.** Section 547.370 is included in the Act and governs the appointment and qualifications of counsel handling a section 547.360 motion. Section 547.370 codified the language of rules 29.16 and 24.036 almost verbatim. Rules 29.16 and 24.036 were both adopted on November 19, 1996, and became effective on July 1, 1997.

**4.** Similarly, many of the procedural rules adopted by this Court "simply copy or track the pre-existing statutes, and are promulgated as rules simply to permit the collection of all governing procedural requirements in a single place." *Gant,* 661 S.W.2d at 485.