**Wesley Eugene FIELDS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 22294

Missouri Court of Appeals, Southern District, Division One.

Jan. 26, 1999.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Wesley Fields (movant) was convicted of capital murder and sentenced to life imprisonment without eligibility for probation or parole for fifty years. *See State v. Fields,* 668 S.W.2d 257 (Mo.App.1984). He sought post-conviction relief pursuant to Rule 27.26 (repealed) on two occasions. Both Rule 27.26 motions were denied. *See Fields v. State,* 735 S.W.2d 430 (Mo.App.1987), and *Fields v. State,* 950 S.W.2d 916 (Mo.App.1997).

Movant filed additional post-conviction motions on November 20, 1997, December 12, 1997, and February 25, 1998. He asserts they were filed pursuant to § 547.360, RSMo Supp.1997. The motion court denied the motions. This court affirms.

Movant asserts two points on appeal. Point I contends the motion court erred in denying movant's motions on the basis that they were successive motions because movant had not previously filed a motion under § 547.360. He argues that persons who previously filed Rule 27.26 or Rule 29.15 motions are not barred from seeking relief under the statute. Point II asserts movant was abandoned by his appointed counsel because that counsel did not file an amended motion on his behalf.

Since 1953, [the Supreme Court of Missouri] has provided procedural rules for criminal defendants seeking post-conviction relief from the sentencing court. Procedures for post-conviction relief were previously governed by Rule 27.26. Effective January 1, 1988, Rule 27.26 was repealed and replaced by Rules 29.15 and 24.035. *Sloan v. State,* 779 S.W.2d 580, 581 (Mo. 1989). Rule 29.15 provides the procedure for persons convicted of a felony after a trial to challenge convictions or sentences

that they claim violate the constitution or laws of this state or the constitution of the United States. Rule 29.15 was most recently amended on November 19, 1996, with the amendment becoming effective on July 1, 1997. Rule 29.15 provides that it is the "exclusive" procedure for seeking post-conviction relief. Successive or untimely claims are not allowed. Rule 29.15(b), (*l*).

In 1997, the General Assembly passed section 547.360, RSMo. It was approved by the governor on July 7, 1997, and became effective August 28, 1997. Section 547.360 codified almost verbatim the language of amended Supreme Court Rule 29.15. The only difference between section 547.360 and Rule 29.15 is that the statute refers to "this section" rather than "Rule 29.15" and the statute also applies to post-conviction relief for felony convictions after a trial or guilty pleas. [Footnotes omitted.]

*Schleeper v. State,* 982 S.W.2d 252, 253–54 (Mo. banc 1998).

*Schleeper* holds that § 547.360 does not expressly create any new rights nor amend or annul the provisions of Rule 29.15. It concludes that § 547.360 does not create a second and independent avenue for post-conviction relief; that motions filed by persons who have already sought relief under the applicable Supreme Court rule may not seek further relief by reason of the statute. Such motions are successive and time-barred. Point I is denied.

In view of the disposition of Point I, Point II presents nothing for review. The judgment denying movant's motions is affirmed.

PREWITT, P.J., and CROW, J., concur.