Terence Wayne CUPP, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 22347.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 26, 1999.

motion court dismissed the present post-conviction motion on the grounds that "rule [sic] 24.035 allows only one filing of a motion for post conviction relief." This court affirms.

Movant's motion states that the sentence he seeks to vacate, set aside or correct was imposed May 17, 1995. Since the sentence was pronounced prior to January 1, 1996, the applicable procedure is that prescribed by the provisions of Rule 24.035 in effect on December 31, 1995. *See* Rule 24.035(m).[1] The applicable provision of Rule 24.035 in effect December 31, 1995, was Rule 24.035(k), 1995 Missouri Rules of Court. It states, "The circuit court shall not entertain successive motions."

Movant asserts the motion court erred in dismissing his motion because it was predicated on § 547.360, RSMo Supp.1997, rather than on Rule 24.035. That assertion was recently answered in *Schleeper v. State*, 982 S.W.2d 252 (Mo. banc 1998). The answer is contrary to the position movant asserts in this appeal.

*Schleeper* explains, "Since 1953, [the Supreme Court of Missouri] has provided procedural rules for criminal defendants seeking post-conviction relief from the sentencing court. Procedures for post-conviction relief were previously governed by Rule 27.26. Effective January 1, 1988, Rule 27.26 was repealed and replaced by Rules 29.15 and 24.035." *Id.*, at 253. *Schleeper* continues, "Rule 29.15 provides the procedure for persons convicted of a felony after a trial to challenge convictions or sentences that they claim violate the constitution or laws of this state or the constitution of the United States." *Id.*

*Schleeper* then explains that the General Assembly passed § 547.360 in 1997; that it codified almost verbatim the language of amended Supreme Court Rule 29.15; that Rule 29.15 provides it is the "exclusive" procedure for seeking post-conviction relief and successive or untimely claims are not allowed.

---

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Terence W. Cupp (movant) pleaded guilty to murder in the first degree and was sentenced in accordance with a negotiated plea agreement to life imprisonment without eligibility for parole. *See Cupp v. State*, 935 S.W.2d 367 (Mo.App.1996). He thereafter sought post-conviction relief pursuant to Rule 24.035. His Rule 24.035 motion was denied. This court affirmed the judgment denying the motion. *Id.* at 370.

Movant again sought post-conviction relief January 16, 1998, by filing a second motion to set aside, vacate or correct the judgment and sentence imposed in his criminal case. The

---

1. The pertinent provision of Rule 24.035(m) provides, "If sentence is pronounced prior to January 1, 1996, postconviction relief shall continue to be governed by the provisions of Rule 24.035 in effect on the date the motion was filed or December 31, 1995, whichever is earlier."

*Schleeper* holds that § 547.360 does not expressly create any new rights nor amend or annul the provisions of Rule 29.15. It concludes that § 547.360 does not create a second and independent avenue for post-conviction relief; that motions filed by persons who have already sought relief under the applicable Supreme Court rule may not seek further relief by reason of the statute. Such motions are successive and time-barred.

Although *Schleeper* addressed motions filed by persons convicted of felonies following a trial, it states in its n. 2, "Rule 24.035 is identical to Rule 29.15 except that it provides the procedure for persons convicted of a felony after a plea of guilty. Because section 547.360 includes felony convictions after a plea of guilty, our holding is also applicable to Rule 24.035." The judgment dismissing movant's motion is affirmed.

PREWITT, P.J., and CROW, J., concur.