**John PAYNE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73653.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 9, 1999.

Mary Choi, St. Louis, for appellant.

Jeremiah W.(Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

Before MARY K. HOFF, P.J. and GARY M. GAERTNER, J. and RHODES RUSSELL, J.

## MEMORANDUM DECISION

PER CURIAM.

Movant John Payne was convicted in St. Louis City Circuit Court of rape, two counts of forcible sodomy, kidnapping, and robbery. Movant then filed a timely Rule 29.15 motion. Movant's conviction and the denial of his Rule 29.15 motion were upheld on appeal in *State v. Payne*, 943 S.W.2d 338 (Mo.App. E.D.1997).

Subsequently, Movant filed a motion for post-conviction relief pursuant to section 547.360, RSMo Cum.Supp.1997. The motion court dismissed Movant's motion as successive to his previously filed Rule 29.15 motion. Movant appeals, arguing the motion court clearly erred in dismissing his motion because section 547.360 and Rule 29.15 provide separate viable options for seeking post-conviction relief.

The precise issue presented by Movant to this Court was recently decided by the Missouri Supreme Court in *Schleeper v. State*, 982 S.W.2d 252 (Mo. banc 1998). The Court determined that section 547.360 does not expressly refer to Rule 29.15 or provide that its purpose is to amend or annul the rule. *Id.*, at 254. Therefore, the Court concluded that section 547.360 did not provide a separate and independent avenue for post-conviction relief from Rule 29.15. *Id.* In light of the Supreme Court's decision, the motion court did not clearly err in dismissing Movant's motion as successive to his Rule 29.15 motion.

The judgment is affirmed pursuant to Rule 84.16(b).