**Michael CONN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74619.

Missouri Court of Appeals,
Eastern District,
Divison Three.

Feb. 23, 1999.

Gwenda Renee Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen Louise Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before PAUL J. SIMON, P.J.,
KATHIANNE KNAUP CRANE, and
LAWRENCE E. MOONEY, J.J.

### MEMORANDUM DECISION

PER CURIAM.

Movant Michael Conn was convicted in St. Charles County Circuit Court of six counts of sodomy. Movant then timely filed a Rule 29.15 motion, which the motion court denied. Movant's conviction and the denial of his Rule 29.15 motion was affirmed in *State v. Conn,* 950 S.W.2d 535 (Mo.App. E.D.1997).

Subsequently, Movant filed a motion for post-conviction relief under section 547.360, RSMo Cum.Supp.1997, effective August 28, 1997. The motion court dismissed Movant's motion as successive to his previously filed Rule 29.15 motion. Movant appeals, arguing the motion court clearly erred in dismissing his motion because section 547.360 and Rule 29.15 provide separate independent procedures for seeking post-conviction relief.

The precise issue presented by Movant was recently decided by the Missouri Supreme Court in *Schleeper v. State,* 982 S.W.2d 252 (Mo. banc, 1998). The Court noted that Supreme Court rules concerning procedural matters govern over statutes unless the General Assembly specifically annuls or amends the rule in a bill limited to that purpose. *Id.,* at 254. The Court determined that section 547.360 does not expressly refer to Rule 29.15 or provide that its purpose is to amend or annul the rule. *Id.,* at 253–254. Therefore, the Court concluded that section 547.360 did not provide an avenue for post-conviction relief separate from or independent of Rule 29.15. *Id.* In light of the Supreme Court's decision, the motion court did not clearly err in dismissing Movant's motion as successive to his Rule 29.15 motion. We deny Movant's point.

Judgment affirmed pursuant to Rule 84.16(b).