**Albert E. HALL, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 86029.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 25, 2006.

**534**

sexual offender under section 558.018.2, RSMo 2000, and a predatory sexual offender under section 558.018.5, RSMo 2000. Movant had a prior conviction in Ohio for "Sexual Battery in the Third Degree." The State alleged that this charge was equivalent to statutory rape in the first degree in Missouri. At his sentencing, the State announced a plea agreement that Movant would admit the facts of the Ohio case, which would make him a predatory sexual offender. This admission would cause Movant to be sentenced to life imprisonment under section 558.018.5. In return, the State would recommend that the court set a minimum period of incarceration of fifteen years before Movant would be eligible for parole.

At the sentencing, the trial court concluded that Movant was a predatory sexual offender. Following the plea agreement, the court's oral pronouncement of Movant's sentence was life imprisonment with a minimum of fifteen years before he would be eligible for parole. However, on that same day, the trial court entered a written judgment and sentence that differed from its oral pronouncement of sentence. On the written sentence, the court checked the box finding Movant to be a "persistent sexual offender," instead of a "predatory sexual offender."

Movant filed a motion for post-conviction relief under Rule 24.035. His appointed counsel amended the motion, which alleged the written sentence differed from the oral pronouncement of sentence. After an evidentiary hearing, the motion court entered findings of fact and conclusions of law denying Movant's Rule 24.035 motion. Movant appeals.

Margaret M. Johnston, Columbia, MO, for Movant/Appellant.

Deborah Daniels, Jefferson City, MO, for Respondent.

GLENN A. NORTON, C.J.

Movant, Albert E. Hall, appeals from the judgment denying his motion for post-conviction relief under Rule 24.035. We affirm, but remand for a correction of Movant's sentence.

Movant pleaded guilty to statutory rape in the first degree. Movant was charged as a prior offender, as well as a persistent

■ In his sole point on appeal, Movant asserts the motion court clearly erred in denying his 24.035 claim that he was improperly sentenced as a persistent sexual

offender in the written judgment and sentence, because during the oral pronouncement of sentence Movant was sentenced as a predatory sexual offender. Movant asserts he suffered prejudice because predatory offenders are eligible for parole, while persistent sexual offenders are not eligible for parole.[1] The State agrees that the court erred.

■ When a written sentence differs materially from the oral pronouncement of sentence, the oral pronouncement generally controls. *State v. Jackson*, 158 S.W.3d 857, 858 (Mo.App. E.D.2005). The record shows, and the parties agree, that the oral sentence and written sentence materially differ. A limited remand is necessary for the trial court to correct the written judgment to reflect the oral pronouncement of sentence. *State v. Patterson*, 959 S.W.2d 940, 942 (Mo.App. E.D.1998).

The motion court's denial of Movant's Rule 24.035 motion is affirmed. The case is remanded for the sole purpose of the court to correct the written judgment and sentence to reflect the oral pronouncement of sentence in the underlying criminal case.

ROBERT G. DOWD, JR., J., and ROY L. RICHTER, J., concurring.

---

1. Movant's Rule 24.035 motion raised other allegations of ineffective assistance of counsel. Movant does not challenge the motion court's findings on those allegations.