Kevin STRICKLAND, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 67968.

Missouri Court of Appeals,
Western District.

Dec. 26, 2007.

Kevin Strickland, Cameron, MO, Appellant pro se.

Shaun Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Kevin Strickland appeals from the dismissal of his Rule 27.26 motion for post-conviction relief. For the following reasons, the appeal is dismissed.

In April 1979, Appellant was convicted of one count of capital murder and two counts of second-degree murder. Appellant was sentenced to a term of life imprisonment without eligibility for probation or parole for fifty years on the capital murder count to be served concurrently with terms of ten years on each second-degree murder count. Those convictions and sentences were affirmed on direct appeal. *State v. Strickland,* 609 S.W.2d 392, 397 (Mo. banc 1980).

On June 14, 1983, Appellant filed a timely *pro se* motion for post-conviction relief under Rule 27.26. An amended motion was subsequently filed by appointed counsel. Following an evidentiary hearing, on September 11, 1985, the motion court denied Appellant's motion. That decision was affirmed by this Court on appeal. *Strickland v. State,* 726 S.W.2d 341, 342 (Mo.App. W.D.1987).

On October 22, 2004, Appellant filed a *pro se* Form 40 motion to vacate, set aside, or correct the judgment against him. That motion was denied by the motion court on November 16, 2004, because it was not timely filed under Rule 29.15(b) and because the motion was successive to his previously filed post-conviction motions. This Court subsequently affirmed that decision on appeal. *Strickland v.*

*State,* 196 S.W.3d 648, 648 (Mo.App. W.D. 2006).

On July 26, 2006, Appellant filed his current *pro se* "Motion for Post conviction Relief pursuant to S.Ct. Rule 27.26." On October 31, 2006, the motion court dismissed Appellant's motion because it was successive to his prior post-conviction motions. Appellant, again acting *pro se,* brings two points on appeal.

■ In his first point, Appellant claims that the motion court clearly erred in dismissing his motion because it erroneously determined that Rule 29.15 applied to his motion. He argues that his motion was properly brought under Rule 27.26(d), which allows for an additional motion to be filed where the litigant states new grounds for relief that could not have been asserted in the first motion. He contends that the issues raised in his current post-conviction motion were not raised in his prior Rule 27.26 motion and that they could not have been raised therein.

"Effective January 1, 1988, Rule 27.26 was repealed and replaced by Rules 29.15 and 24.035." *Cupp v. State,* 988 S.W.2d 49, 50 (Mo.App. S.D.1999). After that date, application of Rule 27.26 was limited to the disposition of motions that were already pending.[1] *Blankenship v. State,* 783 S.W.2d 939, 940 (Mo.App. S.D.1990). Since January 1, 1988, Rule 29.15 has provided the exclusive "procedure for persons convicted of a felony after a trial to challenge convictions or sentences that they claim violate the constitution or laws of this state or the constitution of the United States." *Cupp,* 988 S.W.2d at 50 (internal quotation omitted). Accordingly, Appellant was not entitled to pursue a motion under Rule 27.26 in 2006, and the trial

---

1. Pursuant to Rule 29.15, any Rule 27.26 motions that were pending on January 1, 1988, continued to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed. *Wright–El v. State,* 890 S.W.2d 664, 668 (Mo.App. E.D.1994).

458

court properly treated it as having been filed under Rule 29.15. *See Jackson v. State,* 772 S.W.2d 779, 780 n. 1 (Mo.App. E.D.1989).

▆ Successive and untimely motions are prohibited under Rule 29.15. *Schleeper v. State,* 982 S.W.2d 252, 253 (Mo. banc 1998). "A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction." *Turpin v. State,* 223 S.W.3d 175, 176 (Mo.App. W.D. 2007). Rule 29.15, therefore, "implicitly bar[s] motions from persons, such as appellant, who were sentenced before 1988 and have completed one Rule 27.26 motion." *Blankenship,* 783 S.W.2d at 940 (internal quotation omitted). "This is true even though the successive motion alleges that the grounds stated therein were not raised in a prior motion and were unknown to the movant." [2] *Id.* Furthermore, the claims asserted by Appellant in his present Rule 27.26 motion are substantially the same as the ones brought in his latest Rule 29.15 motion, the denial of which on the basis that Rule 29.15 motion was successive was previously affirmed by this Court on appeal. *Strickland,* 196 S.W.3d at 648.

▆ The motion court clearly did not err in dismissing Appellant's motion as successive because it lacked subject matter jurisdiction to entertain such a motion. *Turpin,* 223 S.W.3d at 176. "Because the circuit court lacked jurisdiction to review the motion, we also lack jurisdiction" and must "dismiss the appeal for lack of subject matter jurisdiction." *Id.*

In his second point, Appellant contends that the motion court erred in dismissing his motion without having appointed counsel to represent him in accordance with the requirements of Rule 27.26(h). As noted *supra,* Rule 27.26 is not applicable to this case. Furthermore, even if it were, Rule 27.26(h) did not require the appointment of counsel for a successive motion. *Duisen v. State,* 504 S.W.2d 3, 5 (Mo.1974).

For the foregoing reasons, the appeal is dismissed.

All concur.

---

**2.** An exception to this rule has been carved out where the successive motion asserts a claim of abandonment by post-conviction counsel. *Brown v. State,* 179 S.W.3d 404, 407 (Mo.App. S.D.2005). None of Appellant's claims, however, alleged abandonment on the part of counsel. Appellant's claims "amount to mere claims of ineffective assistance of post-conviction counsel, which are categorically unreviewable." *Id.*