Charles S. ETENBURN, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

Nos. SD 31599, SD 31618.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 18, 2012.

Appellant acting pro se.

Chris Koster, Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, J.

Charles Etenburn's first Rule 24.035 post-conviction motion was denied. On appeal, we affirmed the motion court's ruling. *See Etenburn v. State,* 341 S.W.3d 737 (Mo.App.2011).[1] Our opinion explained why the plea court's three written judgments had to be corrected because they deviated from the plea court's oral pronouncement of Etenburn's sentences:

> Movant's point is denied, and the motion court's denial of Movant's motion for post-conviction relief is affirmed. Nevertheless, when it is determined in a post-conviction relief case that a written sentence differs materially from the oral pronouncement of sentence, "[a] limited remand is necessary for the trial court to correct the written judgment to reflect the oral pronouncement of sentence." *Hall v. State,* 190 S.W.3d 533, 535 (Mo.App.2006); *Samuel v. State,* 156 S.W.3d 482, 484 (Mo.App.2005); Rule 24.035(j) (motion court may "correct the judgment and sentence as appropriate"). Therefore, while we affirm the motion court's denial of Movant's motion for post-conviction relief, we remand the

---

**1.** All references to rules are to Missouri Court Rules (2012).

case for the limited purpose to direct the motion court to correct the original written judgment in each of Movant's three underlying criminal cases to accurately reflect the oral pronouncement of sentence in each. *See Hall*, 190 S.W.3d at 535.

*Id.* at 747.

On remand, the motion court corrected the three written judgments as directed. Thereafter, Etenburn filed a second Rule 24.035 post-conviction motion. It alleged, *inter alia*, that his due process rights had been violated because he had been "resentenced" without being personally present. Pursuant to Rule 24.035(*l*), the motion court denied the second post-conviction motion as successive. This appeal followed.

Etenburn presents two points on appeal. First, he argues that he was denied due process because he was not personally present when he was resentenced by the motion court. Second, he argues that the motion court was obligated to appoint counsel before dismissing Etenburn's second Rule 24.035 post-conviction motion.

■ Point I assumes that Etenburn was resentenced by the motion court.[2] Because that assumption is incorrect, his point fails. Resentencing a movant and correcting a clerical error in his or her written sentence are two different things. *See* Rule 24.035(j) (authorizing the court to vacate the judgment and discharge the movant, resentence movant, order a new trial or correct the judgment and sentence as appropriate). When a case is remanded for resentencing, the appellate opinion says so. *See, e.g., Pettis v. State*, 212 S.W.3d 189, 195 (Mo.App.2007) (stating that the appropriate remedy was a remand for resentencing); *Matthews v. State*, 123

S.W.3d 307, 310–11 (Mo.App.2003) (specifically vacating the movant's sentence and remanding the cause for resentencing); *Cason v. State*, 987 S.W.2d 357, 359 (Mo. App.1999) (remanding the case to the circuit court for resentencing). When a case is remanded to correct the written judgment so as to conform to the court's oral pronouncement of sentence, the appellate opinion says so. *See, e.g., Robinson v. State*, 359 S.W.3d 568, 571 (Mo.App.2012) (remanding the case with instructions for the motion court to correct the clerical mistake on the written judgment); *Shaw v. State*, 347 S.W.3d 142, 143 (Mo.App. 2011) (same remand instructions); *State v. Gibbs*, 306 S.W.3d 178, 183 (Mo.App.2010) (same remand instructions). Correction of a written judgment does not constitute resentencing. *See Hight v. State*, 841 S.W.2d 278, 283 (Mo.App.1992).

■ Etenburn was personally present when the plea court orally pronounced the sentences in his three criminal cases. In the appeal from the denial of Etenburn's first Rule 24.035 motion, we did not vacate those sentences and remand for resentencing. Instead, we remanded the case for the limited purpose of correcting the written judgments to conform to the court's oral pronouncement of the sentences. *See Etenburn*, 341 S.W.3d 737, 747 (Mo.App. 2011). Thus, Etenburn was not resentenced. *See Hight*, 841 S.W.2d at 283. The motion court correctly denied Etenburn's second Rule 24.035 postconviction motion as successive. *See* Rule 24.035(*l*); *Stegmaier v. State*, 863 S.W.2d 924, 927 (Mo.App.1993). Point I is denied.

■ In Point II, Etenburn claims the motion court was obligated to appoint counsel before dismissing his second Rule 24.035 post-conviction motion. We dis-

---

2. We acknowledge that a movant can file a new post-conviction motion to raise issues related to resentencing. *See, e.g., Kniest v.*

*State*, 133 S.W.3d 70, 72 (Mo.App.2003). Such a motion is not barred as successive by Rule 24.035(*l*). *Id.*

agree. A motion court is not required to appoint counsel for a movant who files a successive Rule 24.035 post-conviction motion. *See, e.g., Strickland v. State,* 241 S.W.3d 456, 458 (Mo.App.2007) (holding that movant was not entitled to appointed counsel on his successive Rule 29.15 motion); *Fields v. State,* 986 S.W.2d 498, 498–99 (Mo.App.1999) (same holding).[3] This same principle was applied to a successive motion filed pursuant to the now-repealed Rule 27.26. *See, e.g., Duisen v. State,* 504 S.W.2d 3, 5 (Mo.1974); *Self v. State,* 774 S.W.2d 576, 577–78 (Mo.App.1989); *Johnson v. State,* 768 S.W.2d 158, 159 (Mo.App. 1989); *Anderson v. State,* 747 S.W.2d 288, 289 (Mo.App.1988); *Burnside v. State,* 600 S.W.2d 157, 158–59 (Mo.App.1980). Point II is denied.

The motion court's order denying Etenburn's successive Rule 24.035 motion is affirmed.

DON E. BURRELL, C.J., and DANIEL E. SCOTT, P.J., concur.

---

**3.** The appointment of counsel provisions in Rule 29.15(e) and Rule 24.035(e) are identical. Therefore, it is appropriate to rely upon *Strickland* and *Fields* in this Rule 24.035 case. *See, e.g., Mitchell v. State,* 192 S.W.3d 507, 509 n. 3 (Mo.App.2006); *Thomas v. State,* 180 S.W.3d 50, 53 n. 6 (Mo.App.2005); *Kramer v. State,* 136 S.W.3d 87, 89 n. 2 (Mo.App.2004).