See also 241 S.W.3d 456.

**Kevin B. STRICKLAND, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**WD 79812**

Missouri Court of Appeals, Western District.

OPINION FILED: March 14, 2017

Kevin B. Strickland Cameron, MO, Appellant, pro se.

Joshua D. Hawley, Attorney General, Dora A. Fichter, Assistant Attorney General, Jefferson City, MO, Attorneys for Respondent.

Before Division IV: Mark D. Pfeiffer, Chief Judge, and Thomas H. Newton and Lisa White Hardwick, Judges

Mark D. Pfeiffer, Chief Judge

In what is now the appeal of his *fifth* post-conviction relief ("PCR") motion, Mr. Kevin B. Strickland ("Strickland") appeals the judgment of the Circuit Court of Jackson County ("motion court") denying the 2015 version of Strickland's PCR motion. We affirm.

## Factual and Procedural Background

In April 1979, Strickland was convicted of one count of capital murder and two counts of second-degree murder. Strickland was sentenced to life imprisonment without eligibility for probation or parole for fifty years on the capital murder count, to be served concurrently with terms of ten years on each second-degree murder count. Those convictions and sentences were affirmed on direct appeal. *State v. Strickland*, 609 S.W.2d 392, 397 (Mo. banc 1980).

On June 14, 1983, Strickland timely filed a *pro se* PCR motion ("original PCR motion" or "original PCR claim") pursuant to Rule 27.26, which has since been repealed and replaced by Rule 29.15.[1] An amended original PCR motion was later filed by

appointed PCR counsel. Following an evidentiary hearing, the motion court ("original motion court") denied Strickland's original PCR motion on September 11, 1985. That decision was affirmed by this Court on appeal. *Strickland v. State*, 726 S.W.2d 341, 342 (Mo. App. W.D. 1987).

Since 1987, Strickland has repeatedly filed a series of PCR motions and claims, all of which have been rejected, in large part, for the procedural infirmity Strickland's present PCR motion suffers from. *See Strickland v. State*, 196 S.W.3d 648 (Mo. App. W.D. 2006) (untimely and successive motion); *Strickland v. State*, 241 S.W.3d 456 (Mo. App. W.D. 2007) (successive "Rule 27.26" motion); *Strickland v. State*, 471 S.W.3d 373 (Mo. App. W.D. 2015) (denial of motion to reopen original PCR proceedings due to alleged abandonment of counsel).

Undeterred, on December 3, 2015, Strickland filed a "new" PCR motion with the motion court ("2015 PCR motion"), in which Strickland is attempting to relitigate issues of abandonment by post-conviction counsel, which Strickland has already litigated unsuccessfully. *See Strickland v. State*, 471 S.W.3d 373 (Mo. App. W.D. 2015).

The motion court summarily denied Strickland's 2015 PCR motion, without findings of fact or conclusions of law, on April 13, 2016. Strickland appeals.

## Analysis

The substance of Strickland's 2015 PCR motion is nothing more than an attempt to piecemeal allegedly "new" arguments for "old" claims that have previously been asserted by Strickland in his

---

1. All rule citations refer to the MISSOURI SUPREME COURT RULES 2016 unless otherwise indicated.

PCR motion odyssey that has now spanned over two decades. In response, we refer Strickland to our previous commentary *to him* on this topic:

> Successive and untimely motions are prohibited under Rule 29.15. *Schleeper v. State*, 982 S.W.2d 252, 253 (Mo. banc 1998). "A motion is successive if it follows a previous post-conviction relief motion addressing the same conviction." *Turpin v. State*, 223 S.W.3d 175, 176 (Mo. App. W.D. 2007). Rule 29.15, therefore, "implicitly bar[s] motions from persons, such as appellant, who were sentenced before 1988 and have completed one Rule 27.26 motion." *Blankenship v. State*, 783 S.W.2d 939, 940 (Mo. App. S.D. 1990) (internal quotation omitted). "This is true even though the successive motion alleges that the grounds stated therein were not raised in a prior motion and were unknown to the movant." *Id.* Furthermore, the claims asserted by Appellant in his present Rule 27.26 motion are substantially the same as the ones brought in his latest Rule 29.15 motion, the denial of which on the basis that Rule 29.15 motion was successive was previously affirmed by this Court on appeal. *Strickland v. State*, 196 S.W.3d 648 (Mo. App. W.D. 2006).

*Strickland v. State*, 241 S.W.3d 456, 458 (Mo. App. W.D. 2007) (footnote omitted).

Rule 29.15 is plain in its command: "The circuit court shall not entertain successive [PCR] motions." Rule 29.15(*l*).

 As we have also previously stated, a successive PCR motion is an "insufficient motion" for which the circuit court is under no obligation to provide the findings mandated by Rule 29.15(j). *See Johnson v. State*, 470 S.W.3d 1, 5 (Mo. App. W.D. 2015). In fact, the 2015 PCR motion "was plainly a successive motion, rendering it legally insufficient pursuant to Rule 29.15(*l*). As a result, the motion court had no authority to consider the [2015 PCR] [m]otion." *Id.*

Strickland's appeal is denied and, should Strickland attempt to assert yet another successive PCR motion in the future, the circuit court should not entertain it and, instead, note that the motion is "denied because it is a successive motion pursuant to Rule 29.15(*l*)." *Id.* at 6 n.6.

### Conclusion

We affirm the judgment of the motion court's denial of Strickland's 2015 PCR motion.

Thomas H. Newton and Lisa White Hardwick, Judges, concur.

