

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112885 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Montgomery County |
| v. | ) | Cause No. 18AA-CR00469-01 |
| | ) | |
| BRANDEN G. COLLINS | ) | Honorable Jason H. Lamb |
| | ) | |
| Appellant. | ) | Filed: June 17, 2025 |

**Introduction**

Appellant Branden Collins appeals his conviction for possession of methamphetamine residue and possession of drug paraphernalia. In one point on appeal, Appellant argues that the circuit court plainly erred when it failed to *sua sponte* exclude Appellant's statements because admission of those statements violated his Fifth Amendment privilege against self-incrimination. Because Appellant has the burden to show that he was not *Mirandized* and he has not done so, there can be no evident, obvious, and clear error. Thus, we affirm the conviction.

**Factual and Procedural Background**

On September 6, 2018, Appellant was in the backyard of his grandmother's home. He had previously lived in the shed on the property but was no longer living there. Appellant's aunt called the police to report that Appellant was trespassing. When an officer arrived, he found Appellant in the shed moving things around. The officer asked Appellant to come out of the

1

shed. The officer testified that he could see, inside the shed, a small bag sitting on a chair with a straw and a clear baggie with white residue.

While they talked, Appellant acted very nervous and kept putting his hands in his pocket, despite the officer ordering him to stop. Because of his behavior, the officer instructed Appellant to come with him to the front of the house so the officer could speak with Appellant's aunt. Appellant did so, but while the officer was speaking to the aunt, Appellant returned to the shed in the backyard. The officer then handcuffed Appellant and patted him down for his safety and because Appellant was being arrested for failing to follow the officer's order. The officer found a spoon, needle, and straw in Appellant's pocket, and a field test showed the white residue in the baggie tested positive for methamphetamine. It also tested positive for methamphetamine in a lab test following the incident. Appellant told the officer "those items were old, and they belonged to him."

Appellant was charged with possession of methamphetamine and possession of drug paraphernalia. Prior to trial Appellant sought to exclude the drug related evidence but did not seek to suppress his statements. At the jury trial, the officer testified that Appellant told him the items belonged to Appellant and were old. Neither the State nor defense counsel asked the officer or any other witness whether Appellant's statements were in direct response to the officer's questioning or were spontaneously made, nor did either party ask whether the officer read Appellant his *Miranda* rights. Appellant did not object to admission of his statements or to the admission of the officer's testimony regarding those statements.

The jury found Appellant guilty on both counts. The circuit court sentenced Appellant as a prior and persistent offender to ten years of incarceration. This appeal follows.

**Discussion**

In his sole point on appeal, Appellant argues that the circuit court erred by not *sua sponte* excluding Appellant's statements that the residue and baggie belonged to him because those statements violated his right to due process under the Fourteenth Amendment and privilege against self-incrimination under the Fifth Amendment. Appellant asserts that the statements were made during a custodial interrogation without *Miranda* warnings. Appellant acknowledges that defense counsel did not challenge the admissibility of the statements at any point before, during, or after trial so the claim was not persevered. Appellant requests plain error review, arguing that a manifest injustice resulted from the admission of the statements.

This Court does not generally review unpreserved claims of error. *State v. Brandolese*, 601 S.W.3d 519, 526 (Mo. banc 2020). Rule 30.20 provides an exception allowing that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id.* (quoting Rule 30.20). Rule 30.20 makes clear that plain error review is a discretionary, two-step process. *See State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022*)*. The first step is to determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or miscarriage of justice has resulted. *State v. Baumruk*, 280 S.W.3d 600, 607 (Mo. banc 2009). Plain errors are those that are evident, obvious, and clear. *Id.* In the absence of such a determination, an appellate court should decline to review for plain error. *See Brandolese*, 601 S.W.3d at 526. If plain error is found on the face of the claim, then the court may proceed to the second step to determine whether the claimed error resulted in manifest injustice or miscarriage of justice. *See Baumruk*, 280 S.W.3d at 607. "To show manifest injustice or a miscarriage of

3

justice, a defendant must demonstrate outcome-determinative error." *State v. Vitale*, 688 S.W.3d 740, 746 (Mo. E.D. App. 2024).

"A criminal suspect is entitled to *Miranda* warnings, consistent with the Fifth Amendment right against self-incrimination, once the suspect is subjected to a custodial interrogation." *State v. Gaw*, 285 S.W.3d 318, 321 (Mo. banc 2009) (citing *Miranda v. Arizona,* 384 U.S. 436, 444 (1966)). Missouri courts have defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. In the absence of arrest or restraint of freedom of movement, questioning that takes place in a coercive environment does not require *Miranda* warnings." *State v. Glass*, 136 S.W.3d 496, 511 (Mo. banc 2004), *as modified on denial of reh'g* (July 1, 2004) (internal citations and quotations omitted). This Court has previously determined that there is not a requirement for the State to elicit testimony in front of the jury that *Miranda* has been satisfied, and that the "obligation arises only upon the filing of a motion to suppress, which is generally heard outside the presence of the jury. Absent a timely motion to suppress, there is no error in admitting a defendant's statements without a showing that *Miranda* has been satisfied." *State v. Conn*, 950 S.W.2d 535, 537 (Mo. App. E.D. 1997); *see also State v. Huffman*, 374 S.W.3d 382, 387 (Mo. App. S.D. 2012) ("Because Defendant had not filed a motion to suppress his statements, he could not have expected the State to lay a *Miranda* foundation before offering his statements into evidence.").

Although Appellant filed a motion to suppress physical evidence relating to items seized in a warrantless search, Appellant did not file a motion to suppress his statements. In fact, Appellant did not object to the use of these statements at any time prior to this appeal. Furthermore, there is no evidence in the record tending to prove or disprove whether *Miranda*

warnings were given, despite extensive testimony from the arresting officer. Appellant's assertion that the officer did not give him any warnings about "incriminating statements or information of any kind" is not supported by any citation to the record and is instead reliant on the presumption that the absence of such evidence tends to prove that the *Miranda* warnings were not given. However, such a presumption was entirely rejected by this Court in *Conn* in relation to claims of plain error. *Conn*, 950 S.W.2d at 537. Upon review of the record here, it is clear that neither Appellant nor the State elicited any testimony regarding whether Appellant was *Mirandized*. Thus, there is no basis in the record to support a finding that *Miranda* warnings were not given. *Id*. Therefore, we can find no errors that are "evident, obvious, and clear" in the court's failure to *sua sponte* exclude Appellant's statements. This point is denied.

## Conclusion

For the reasons stated above, we affirm the conviction.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur.

5