**In the Interest of J.S., a juvenile, Appellant.**

**No. 45763.**

Missouri Court of Appeals, Eastern District, Division Three.

March 8, 1983.

Ernest L. Keathley, Jr., St. Louis, for appellant.

William Frain, Juvenile Div., Twenty Second Judicial Circuit, St. Louis, for respondent.

REINHARD, Judge.

J.S. appeals from a judgment of the juvenile court, after a commissioner's hearing, committing the juvenile to the care, custody, and control of the Division of Youth Services and denying juvenile's motion for

hearing before the judge of the juvenile court. We affirm.

Juvenile was arrested by a police officer for disturbing the peace and resisting arrest. The police officer handcuffed juvenile and placed him in the police car. The juvenile got out of the car and ran away, but was later arrested at his home.

The petition filed by the juvenile officer charged that the juvenile had resisted arrest in violation of § 575.150, RSMo.1978, that juvenile had disturbed the peace in violation of § 574.010, RSMo.1978, and that he had unlawfully escaped from custody in violation of § 575.200, RSMo.1978. The commissioner dismissed the disturbing the peace and resisting arrest charges, but found beyond a reasonable doubt that the juvenile had unlawfully escaped from custody in violation of § 575.200, RSMo.1978. The commissioner also found the juvenile was subject to the jurisdiction of the court pursuant to § 211.031.1(2)(d), RSMo.Supp. 1982, which gives the juvenile court jurisdiction over a child when his behavior or associations are injurious to his welfare or to the welfare of others, and pursuant to § 211.031.1(3), RSMo.Supp.1982, which gives the juvenile court jurisdiction over a child alleged to have violated a state law. The juvenile filed a motion for a rehearing with a juvenile court judge. The juvenile court overruled that motion and affirmed the commissioner's disposition.

On appeal, juvenile first contends the juvenile court erred in affirming the commissioner's finding that the juvenile court had jurisdiction over juvenile because he had violated no state law. Juvenile argues that he did not violate the escape statute, § 575.200.1, RSMo., which provides:

A person commits the crime of escape from custody if, while being held in custody after *arrest* for any *crime,* he escapes from custody. (emphasis supplied).

Juvenile argues that because offenses committed by juveniles are deemed not to be "crimes," a juvenile may not be arrested for a crime and thus cannot escape from custody after arrest for a crime.

■ This argument is without merit. It is true, as juvenile asserts, that delinquency proceedings are not criminal cases. *State ex rel. R.L.W. v. Billings,* 451 S.W.2d 125, 127 (Mo. banc 1970). However, we find that a juvenile may be lawfully taken into custody for conduct proscribed by our criminal laws. In other words, a juvenile may be arrested for a crime. *See Walsh v. Oehlert,* 508 S.W.2d 222, 225 (Mo.App.1974); *Bond v. Wabash Railroad Co.,* 363 S.W.2d 1, 5 (Mo. 1962). In so finding, we certainly do not suggest that a juvenile arrested for a crime may be treated in the same manner as an adult arrested for a crime.

■ Because a child may be arrested for a crime, § 575.200, RSMo.1978, applies to juveniles, and the juvenile here violated that statute by escaping from custody after his arrest. Therefore, the court did not err in affirming the commissioner's disposition. The court properly assumed custody of the juvenile pursuant to § 211.031.1(3).

Juvenile had a hearing before a juvenile court commissioner pursuant to § 211.025, RSMo.Supp.1982, which provides the juvenile court judge may direct that a case be heard by a commissioner. In his second point, juvenile contends the court erred in denying his motion for a rehearing before a juvenile court judge because Rule 127.05 states that, if he timely requests it, a juvenile is entitled to such a rehearing after a commissioner issues his findings. The Juvenile Code of 1967 contained a provision identical in effect at § 211.029, RSMo.1969. However, in 1980 § 211.029 of the juvenile statute was amended to make the granting of such a rehearing discretionary on the part of the juvenile court judge. The Supreme Court has not amended its rule since the juvenile code was amended.

■ Article V, Section V of the Missouri Constitution gives the Supreme Court the authority to establish rules relating to procedure, which do not change substantive rights, and which carry the force of law. But Article V, Section V further states, "any rule may be annulled or amended in whole or in part by a law limited to that purpose." Supreme Court Rule 127.05 was

adopted in 1975 and was based on and consistent with § 211.029, RSMo.1967. The Supreme Court stated that § 211.029 was the source of the rule. In order to determine whether the legislature has annulled or amended that rule by repealing § 211.-029 and enacting the current version of § 211.029 which makes a hearing before a judge discretionary, we look to Missouri Laws 1980, which provides at page 332 as follows:

> Be it enacted by the General Assembly of the State of Missouri as follows:
>
> Section 1. Enacting clause.—Sections ... 211.029, ... RSMo.1978, are repealed and ... new sections enacted in lieu thereof, to be known as sections ... 211.-029 ...

The legislature made no specific reference to Rule 127.05, however, it specifically repealed the statute upon which the rule was based and enacted a new and materially different version of that statute. Obviously, the legislature intended to change the procedures for hearings by juvenile court judges in cases in which commissioners conduct initial hearings. Clearly, the legislature would have used better procedure if it had specifically stated that in repealing § 211.029 and enacting a new version of that statute it was also annulling Rule 127.-05. However, the repeal of the statute without annulment of the rule would have been an exercise in futility. We conclude the legislature effectively annulled Rule 127.05 by a "law limited to that purpose." To hold otherwise would limit too narrowly the intent of the people in adopting Article V, Section V of the Missouri Constitution and the intent of the legislature in repealing the old version of § 211.029. This result neither impairs the constitutional separation of powers nor diminishes the power of the Supreme Court to amend a procedural statute or the power of the legislature to amend a procedural rule.

We find that a hearing before a juvenile court judge after a commissioner's hearing is discretionary, and we further find the judge here did not abuse his discretion in denying juvenile's motion for such a hearing.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.