STATE of Missouri ex rel. K.C., Relator,

v.

The Hon. Jack E. GANT, Judge of the
Juvenile Court of Jackson County,
Respondent.

No. 64935.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1983.

As Modified on Denial of Rehearing
Dec. 20, 1983.

Suzanne M. Petren, Sanford P. Krigel,
Kansas City, for relator.

John W. Zimmerman, Kansas City, for
respondent.

BLACKMAR, Judge.

A juvenile officer of Jackson County filed
petitions in Juvenile Court pursuant to
§ 211.031, RSMo 1978, alleging that the mi-
nor children of relator were without proper
care, custody and support. The Commis-
sioner of the Juvenile Court,[1] after hearing
evidence, amended one count of each peti-
tion "to conform to the evidence,"[2] and, on
finding that the allegations as amended
were established by the evidence, recom-
mended the removal of the children from
relator's custody and the granting of custo-
dy to their father.

---

1. Section 211.023, RSMo Cum.Supp.1982 au-
thorizes the appointment of juvenile court com-
missioners in first class charter counties and
St. Louis City. A majority of the circuit judges
of the County, en banc, may appoint one or two
persons, who shall have the same qualifications
as a circuit judge, to act as commissioners.
The commissioners are appointed for terms of
four years and are required to devote full time
to their duties as commissioners. The func-
tions and powers of the commissioners are to
hear and make findings and recommendations
in such proceedings within the jurisdiction of
the juvenile court as may be assigned to them
by the judge of the juvenile court.

2. Rule 55.33(b) provides in pertinent part as
follows:

When issues not raised by the pleadings are
tried by express or implied consent of the
parties, they shall be treated in all respects as
if they had been raised in the pleadings.
Such amendment of the pleadings as may be
necessary to cause them to conform to the
evidence and to raise these issues may be
made upon motion of any party at any time,
even after judgment; . . .

Relator sought a hearing before the respondent judge in accordance with Supreme Court Rule 127.05, which became effective August 1, 1976. The rule substantially follows the statutory provision then in effect,[3] and reads as follows:

> The juvenile or his custodian is entitled to a hearing by the judge of the juvenile court if within ten days after receiving notice of the findings and recommendations of the commissioner any of them files a request in writing with the court for a hearing. Such written request shall designate the style of the case and the date of the commissioner's findings and recommendations and shall be signed by or on behalf of the person filing such request.

The respondent denied the request for a hearing, basing his denial of the provisions of § 211.029, RSMo Cum.Supp.1982, S.B. 512, Laws of Missouri, 1980, p. 332. He expressed the conclusion that the statute should prevail over the language of the rule. The amended statute, still in effect, reads as follows:

> The minor and his parents, guardian or custodian are entitled to file with the court a motion for hearing by a judge of the juvenile court within fifteen days after receiving notice of the findings of the commissioner. The judge shall promptly rule on such motion and, in his discretion, may either sustain or deny the motion, and if the motion is sustained, the judge shall set a date for a hearing. If the motion is denied, or if no such motion is filed, the findings and recommendations of the commissioner shall become the decree of the court when adopted and confirmed by an order of the judge. The final order of the court shall, in any event, be proof of such adoption and confirmation and also of the fact that the matter was duly referred to the commissioner.

Because of the denial of hearing, the report and recommendation of the Commissioner became the decree of the court without further consideration by the respondent judge. Relator then sought mandamus in the Missouri Court of Appeals, Western District, to compel the respondent to afford a hearing in compliance with Rule 127.05. That court issued its alternative writ and, after briefing and argument, made the writ peremptory, concluding that the amended § 211.029 was not sufficient to amend or annul Rule 127.05, because it was not "limited to the purpose," as required by Article V, Section 5 of the Constitution, reading as follows:

> The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose.

The Court of Appeals then transferred the case to this Court because of the perceived importance of the case and because of a perceived conflict with the holding of the Missouri Court of Appeals, Eastern District, *In the Interest of J.S.,* a Juvenile, 648 S.W.2d 634 (Mo.App.1983). The court also suggested an issue as to the constitutional validity of § 211.029, if it be read as authorizing the final decision of a case by the Commissioner without any determination by the judge of the Juvenile Court. We take the case as though we had issued the alternative writ, and now make the writ peremptory, with some observations not

---

**3.** Section 211.029, RSMo 1967, S.B. 254, Laws of Missouri, 1967, p. 332, reads in pertinent part as follows:

> The minor and his parents, guardian or custodian are entitled to a hearing by a judge

of the juvenile court if within ten days after receiving notice of the findings of the commissioner they file a request with the court for a hearing. . . .

found in the opinion of the Court of Appeals.

The Constitution of 1945 introduced an innovative distribution of power between the General Assembly and this Court in the formulation of rules of practice and procedure for the courts of the state. Procedural requirements, historically, had been prescribed by statute. This Court now may adopt rules of practice and procedure, and rules so adopted, with a few exceptions not here material, may even go to the point of modifying existing statutory requirements. The apparent purpose of the new constitutional procedure is to relieve the legislature of the burden of continuous surveillance of details of judicial procedure, while preserving its ultimate authority through the power to amend or annul any rule adopted by the Court by means of "a law limited to the purpose."

The constitutional prescription of the manner in which the General Assembly must act is of pristine importance. It is essential that the bench, the bar, and the public be clearly advised as to the procedural rules that are actually in effect at a given time. The rules are compiled and published, officially and privately, so all may read. There would be substantial problems if concerned persons could not rely on a rule of court duly enacted and not expressly repealed or modified. That is why the Constitution specifies the formalities which the General Assembly must follow in order to annul or amend a rule. A law, to qualify as one "limited to the purpose" of amending or annuling a rule, must refer expressly to the rule. *State ex rel. Pressner and Co. v. Scott*, 387 S.W.2d 539 (Mo. banc 1965). Nothing less will suffice. In so holding, we do not limit or constrict the power of the General Assembly. Its power is plenary, so long as it follows the constitutional procedure.

It is of no importance that Rule 127.05 derives its essence from the previous version of § 211.029. Many of our rules of practice and procedure simply copy or track the pre-existing statutes, and are promulgated as rules simply to permit the collection of all governing procedural requirements in a single place. There is no basis for distinguishing, as to method of amendment, between those rules which simply perpetuate the statutes in effect and those which modify statutes. The rules, once adopted as such, may be amended only by a law limited to the purpose. We disapprove the contrary suggestion of *In the Interest of J.S., supra.*

The respondent asserts that § 211.029 is "substantive" rather than "procedural," and that it is therefore beyond the reach of the Court's rule making power. We reject the assertion. The statute, both before and after the amendment, deals with the means by which the parties may assert their underlying rights as to custody, adoption, and other matters within the jurisdiction of the Juvenile Court, and does not define the nature or the extent of the underlying rights. The rule, furthermore, affords a hearing rather than denying one. It certainly abridges no substantive right.

It follows that the respondent juvenile judge, under Rule 127.05, had no discretion, and was obliged to afford a hearing without regard to the language of the amended § 211.029. To this extent we agree with the opinion of the Court of Appeals, Western District, in this case and reject the contrary holding of the Eastern District in *J.S.* In stating our conclusion, however, we express a caveat. Both parties have assumed in their briefs and oral argument that the "hearing" required by Rule 127.05 is a trial de novo. The rule does not so require by its terms and we shall not mandate such a hearing. The office of Commissioner would serve little purpose if every contested matter heard by the Commissioner were subject to a full retrial before the juvenile judge. If this were the requirement then the legislature, by authorizing the office, would simply have interposed an additional adjudicatory level, rather than providing for relief of an overextended urban court. We direct only that the respondent judge give the relator the opportunity to appear before him, with due notice to opposing parties, and to present such excep-

tions to the Commissioner's report, offers of proof, and other contentions as she deems necessary. This procedure, for example, would allow the relator to present objections to the Commissioner's amendment of the petition to conform to the evidence.[4] The trial judge, in the exercise of his discretion, may determine the scope and extent of the hearing. Following the hearing and judgment the parties may seek relief by appeal, as in other civil cases.

Our conclusion makes it unnecessary to reach the constitutional issue raised by the relator and suggested by the Court of Appeals in its order of transfer, as to whether a report of the Commissioner which becomes the decree of the court without any action by the judge is valid under Article V, Section 1 of the Missouri Constitution. Nor, of course, do we have to decide whether this issue was properly presented and preserved.

Our peremptory writ of mandamus will go forward, directing the respondent to afford relator a hearing in compliance with the specifications of this opinion.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., concur.

BILLINGS, J., dissents in separate opinion filed.

BILLINGS, Judge, dissenting.

I dissent because I believe the General Assembly effectively annulled or amended our Rule 127.05 in enacting the present version of § 211.029, for the reasons set forth by Judge Reinhard in *In Interest of J.S.,* 648 S.W.2d 634 (Mo.App.1983), at 635–36 as follows:

> Article V, Section V of the Missouri Constitution gives the Supreme Court the authority to establish rules relating to procedure, which do not change substantive rights, and which carry the force of law. But Article V, Section V further states, 'any rule may be annulled or

amended in whole or in part by a law limited to that purpose.' Supreme Court Rule 127.05 was adopted in 1975 and was based on and consistent with § 211.029, RSMo.1967. The Supreme Court stated that § 211.029 was the source of the rule. In order to determine whether the legislature had annulled or amended that rule by repealing § 211.029 and enacting the current version of § 211.029 which makes a hearing before a judge discretionary, we look to Missouri Laws 1980, which provides at page 332 as follows:

> Be it enacted by the General Assembly of the State of Missouri as follows:
> Section 1. Enacting clause.—Sections ... 211.029, ... RSMo.1978, are repealed and ... new sections enacted in lieu thereof, to be known as sections ... 211.029 ...

The legislature made no specific reference to Rule 127.05, however, it specifically repealed the statute upon which the rule was based and enacted a new and materially different version of that statute. Obviously, the legislature intended to change the procedures for hearings by juvenile court judges in cases in which commissioners conduct initial hearings. Clearly, the legislature would have used better procedure if it had specifically stated that in repealing § 211.029 and enacting a new version of that statute it was also annulling Rule 127.05. However, the repeal of the statute without annulment of the rule would have been an exercise in futility. We conclude the legislature effectively annulled Rule 127.-05 by a 'law limited to that purpose.' To hold otherwise would limit too narrowly the intent of the people in adopting Article V, Section V of the Missouri Constitution and the intent of the legislature in repealing the old version of § 211.029. This result neither impairs the constitutional separation of powers nor diminishes the power of the Supreme Court to amend a procedural statute or the power

---

4. *See supra* note 2. We, of course, express no opinion as to whether the amendment was

proper in the context of this case.

of the legislature to amend a procedural rule.

I find nothing in our Constitution which provides, as the principal opinion now requires, that legislative action "must refer expressly to the rule." Such a requirement not only limits or constricts the power of the General Assembly but, in my view, is an unwarranted extension of the rule making power of this Court as granted by the Constitution.

If Rule 127.05 governs the instant case, as the principal opinion holds, then it would seem to follow that an unlimited *hearing* be conducted and that the parties are entitled to present any and all evidence bearing on the question before the Court. In other words, a de novo hearing, which would, as the principal opinion notes, be counter-productive to the commissioner scheme.

## ON REHEARING

### PER CURIAM.

The respondent's motion for rehearing suggests that a court hearing which conforms to the specifications of our opinion has already been held. If so, the papers before us do not show it. The respondent in complying with our mandate may make use of any prior proceedings in the case so long as there is a record sufficient to permit ordinary appellate review, and may enter final and appealable judgment when satisfied that the relator has been afforded the opportunity to present her contentions as described in our opinion.

The motion for rehearing is denied.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN, BLACKMAR and DONNELLY, JJ., concur.

BILLINGS, J., dissents.