

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| BENJAMIN WILLIAM WAGNER, | ) | No. ED107132 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Lynne Raynard Perkins |
| DONI ROCHELLE WAGNER, | ) | |
| | ) | |
| Respondent. | ) | FILED: June 18, 2019 |

## Introduction

Benjamin William Wagner ("Wagner") appeals the circuit court's dismissal of his petition for dissolution of marriage without prejudice. Because the circuit court's dismissal was not a final, appealable judgment, we lack jurisdiction to review this appeal. Accordingly, we dismiss the appeal.

## Factual and Procedural History

In 2014, while incarcerated in Missouri, Wagner mailed a pro se petition to the circuit court seeking dissolution of his marriage to Doni Rochelle Wagner. The circuit clerk notified Wagner that his request to file the petition for dissolution was incomplete for failure to provide the certificate of completion of the litigant awareness program, which is required for pro se litigants in dissolution proceedings under Rule 88.09.[1] Wagner sought judicial relief through

---

[1] All rule references are to Mo. R. Civ. P. (2017), unless otherwise indicated.

various pleadings for the circuit clerk to accept and file his petition. In September 2016, Wagner sought leave to file his petition for dissolution of marriage without the certificate of completion of the litigant awareness program. Although the record contains no judgment granting Wagner leave, the circuit court subsequently advised Wagner by letter, dated September 20, 2017, that his petition failed to state a claim upon which relief could be granted. The letter advised Wagner that he may have left certain questions blank or answered them incorrectly, and therefore his petition would be dismissed unless he filed an amended petition. The circuit court sent Wagner two additional letters, dated November 16, 2017 and February 16, 2018, containing the same information. Wagner resubmitted a petition for dissolution to the circuit clerk, which the docket sheet shows was filed on April 3, 2018. On June 13, 2018, the circuit court dismissed without prejudice Wagner's petition for failure to state a claim. Wagner now appeals.

## Point on Appeal

Wagner raises one point on appeal with two subparts. First, Wagner alleges the circuit clerk erred in not accepting his initial petition for failure to submit the certificate of competition of the litigant awareness program. Next, Wagner argues the trial court erred in dismissing his petition because he fulfilled the statutory requirements for filing for dissolution of marriage under Sections 452.300 and 452.310.[2]

## Jurisdiction

Because Wagner's petition for dissolution of marriage was dismissed without prejudice, we must first consider whether we have jurisdiction to review Wagner's appeal. State ex rel. Hazelwood Yellow Ribbon Comm. v. Klos, 35 S.W.3d 457, 463 (Mo. App. E.D. 2000) ("[A]n

---

[2] All statutory references are to RSMo (2016), unless otherwise indicated.

appellate court has a duty to determine whether a final appealable judgment has been reached and to dismiss the appeal sua sponte if it finds that no such judgment was rendered.").

"The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." Harlow v. Harlow, 302 S.W.3d 154, 155 (Mo. App. E.D. 2009) (internal citation omitted). "In most instances, a dismissal without prejudice is not a final judgment because it is not an adjudication on the merits, and the [petitioner] typically can cure the dismissal by filing another suit in the same court." Id. (internal citation omitted). We may nonetheless have jurisdiction to review an appeal from a dismissal without prejudice if "the dismissal has the practical effect of terminating the litigation[.]" K.M.J. v. M.A.J., 363 S.W.3d 172, 175 (Mo. App. E.D. 2012) (internal citation omitted).

Here, after the circuit clerk accepted Wagner's petition for filing, the circuit court dismissed the petition without prejudice. See Rule 67.03 ("Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify.") Critical to our dismissal of this appeal, the circuit court's judgment did not have the practical effect of terminating litigation in Wagner's chosen forum because Wagner lawfully retains the opportunity to correct his petition's deficiencies and refile the petition with the circuit court. See Harlow, 302 S.W.3d at 155. Wagner posits as part of his point on appeal that he is unable to complete the litigant awareness program online (www.selfrepresent.mo.gov) because he has insufficient access to the internet. We first question the relevancy of this claim to this appeal, given that the record shows Wagner's petition for dissolution was accepted by the circuit clerk and filed with the circuit court after the initial correspondence regarding Wagner's access to and compliance with the litigant awareness program. The judgment of dismissal does not state that Wagner's failure to file the certificate of completion for said program was the basis of the circuit

3

court's dismissal of his petition. However, even assuming *arguendo* that Wagner's failure to file the certificate of completion was the catalyst for the circuit court's dismissal, Wagner is not impeded from obtaining the required certification because he may complete the program via printed materials and submit the certificate of completion to the circuit court by mail. Cf. Meadows v. Meadows, 330 S.W.3d 798, 803–04 (Mo. App. S.D. 2011) (internal citations omitted) (recognizing that a petitioner in prison is "not deprived of due process [where] he fail[s] to show that alternative means of presenting his case were inadequate to secure meaningful access to the courts."). Because Wagner is able to refile his petition for dissolution of marriage and prosecute his action in his chosen forum, the circuit court's dismissal is not a final, appealable judgment. See Harlow, 302 S.W.3d at 155.[3]

---

[3] Even if we were to review the merits of Wagner's petition, we would find no error in the circuit court's dismissal. The Rules of Civil Procedure require completion of the litigant awareness program for individuals choosing to file for dissolution of marriage without an attorney. Rule 88.09 ("Every party not represented by counsel who participates in a proceeding for dissolution of marriage, legal separation, parentage or the modification of a judgment in any such proceeding *shall*: (a) Complete a litigant awareness program[.]") (emphasis added). The Rules of Civil Procedure "supersede all statutes and existing court rules inconsistent therewith." Rule 41.02; State ex rel. Collector of Winchester v. Jamison, 357 S.W.3d 589, 592 (Mo. banc 2012). Wagner alleges that he met all the statutory requirements for filing the dissolution of marriage. However, Wagner must also comply with all court rules and procedures. Section 452.300 (designating the procedure for dissolution of marriage and expressly acknowledging that "[t]he rules of the [S]upreme [C]ourt and other applicable court rules shall govern all proceedings pursuant to [S]ections 452.300 to 452.415."); see Rules 41.02, 88.09; Jamison, 357 S.W.3d at 592; Meadows, 330 S.W.3d at 803 (internal quotation omitted) ("Even as a pro se litigant, [the petitioner] is held to the same standard as a licensed attorney."). If Wagner failed to substantially comply with Rule 88.09, the Rules of Civil Procedural permitted the circuit court to dismiss Wagner's petition pending the completion of the litigant awareness program and submission of the required certificate.

Accordingly, we dismiss Wagner's appeal for lack of subject matter jurisdiction.[4]  See

Harlow, 302 S.W.3d at 156.

Conclusion

The appeal is dismissed.

_Kurt S. Odenwald_

KURT S. ODENWALD, Presiding Judge

Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

---

[4] While we are precluded from reviewing Wagner's appeal for lack of jurisdiction, we also note that the appeal is unreviewable for additional reasons.  Preliminarily, Wagner's point on appeal contains two arguments, which violates appellate briefing requirements under Rule 84.04(d) by grouping together "multiple, independent claims rather than a single claim of error."  Griffitts v. Old Republic Ins. Co., 550 S.W.3d 474, 478 n.6 (Mo. banc 2018) (internal quotation omitted) ("Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review.").  Further, Wagner's contention regarding the clerk's office's refusal to accept his filing does not allege reversible error committed by the trial court and likewise preserves nothing for appellate review.  Jones v. Buck, 400 S.W.3d 911, 914–15 (Mo. App. S.D. 2013) (dismissing for failure to comply with appellate briefing requirements under Rule 84.04, including failure to identify reversible error committed by the trial court).  Moreover, Wagner's filing argument is moot on account of the clerk's office having ultimately accepted his filing.  Kinsky v. Steiger, 109 S.W.3d 194, 195–96 (Mo. App. E.D. 2003) (dismissing for mootness where the clerk initially refused to surrender a copy of a trial transcript to the prosecutor but later the transcript was provided to the prosecutor and thus no relief could be afforded on appeal).